MICHAEL N. ABODEELY vs. COUNTY OF WORCESTER
& another
(and a companion case).

Worcester.   May 4, 1967. — June 12, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Attorney at Law. Practice, Criminal,* Assistance of counsel, Assigned counsel.

Under G. L. c. 213, § 8, counsel assigned by a court to represent an indigent defendant charged with noncapital felonies was entitled to be paid compensation by the county; the Commonwealth was not liable for such compensation.   [722–724]

As a matter of policy, a trial court assigning counsel under Rule 3:10 of the General Rules (1967) to an indigent defendant charged with noncapital crimes should ordinarily, but need not always, assign a member of the Massachusetts Defenders Committee; and if other counsel is assigned, he is entitled to be paid compensation by the county, which this court suggested would be fair at a rate somewhat below the rate appropriate in the case of private employment.   [724]

Two PETITIONS filed in the Superior Court on September 23, 1965.

The cases were reported by *Meagher, J.*

*Michael N. Abodeely, Jr.,* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

*James C. Donnelly* for the County of Worcester & another.

*Steven J. Comen & William P. Homans, Jr.,* for the Voluntary Defenders Committee, Inc., amicus curiae, submitted a brief.

REARDON, J.   The petitioner, an attorney, brought petitions against the county of Worcester and its treasurer, and against the Commonwealth, seeking payment for services rendered to a criminal defendant, Walter S. Albert, to which representation he was appointed by a judge of the

Superior Court. Albert had previously received sentences of life imprisonment on indictments involving rape and other charges. In March of 1964 a new trial was ordered and on August 18, 1964, Albert was adjudged an indigent defendant and the petitioner was appointed to represent him at a new trial and to act as his counsel in all matters. The petitioner has been a practicing attorney in Massachusetts since 1927 and "has handled, since that time, criminal cases of all kinds ranging from first degree murder down to the smallest misdemeanor." The petitioner's services to Albert consisted of various conferences with him and the preparatory work on pleadings and motions customary for the defence of the indictments. He appeared for Albert in court for one full day on November 9, 1964, and for a half day on the day following, when Albert decided to plead guilty to charges of assault and battery, three counts of rape, two charges of unarmed robbery, one charge of using a motor vehicle without authority, one charge of kidnapping, one of conspiracy, and six of accessory before the fact of rape. The disposition resulted in greatly reduced sentences imposed upon Albert. Sometime after November 10, 1964, the petitioner submitted a bill for services to the presiding judge in the Superior Court in Worcester. The bill was approved and submitted to the respondent treasurer of the county of Worcester who refused payment. These proceedings were then commenced. After a hearing on July 27, 1966, on agreed facts, the trial judge "entered findings for the petitioner against each respondent in the sum of $500" and reported the cases.

The question presented is the liability of the Commonwealth and the county, or both, to compensate counsel appointed by the court to defend an indigent accused of a noncapital felony.

We are well aware of the series of decisions by the Supreme Court of the United States which has greatly expanded the requirements for counsel in noncapital felonies. *Gideon* v. *Wainwright,* 372 U. S. 335. *Escobedo* v. *Illinois,* 378 U. S. 478. *Miranda* v. *Arizona,* 384 U. S. 436. Since

argument of this case there has been a further expansion of these requirements. *Re Gault*, 387 U. S. 1. The petitioner has called our attention also to certain other decisions bearing upon the rights of criminal defendants in matters relating to their defence. *Douglas* v. *California*, 372 U. S. 353. *Draper* v. *Washington*, 372 U. S. 487. The net effect of these decisions, as is too well known to be discussed, has created a requirement of representation of criminal defendants on a scale unprecedented in this Commonwealth with an accompanying increased burden on the bench and bar.

The rule of this court, S. J. C. Rule 3:10 (1967), was originally promulgated as Rule 10 in 1958 and anticipated by some years *Gideon* v. *Wainwright*. The present rule, as last amended in 1964, now requires counsel for any defendant charged with a crime for which a sentence of imprisonment may be imposed. The breadth of the rule, as the petitioner has pointed out, is to be seen in *Williams* v. *Commonwealth*, 350 Mass. 732. Our statutes, however, passed long before the *Gideon* decision, provide compensation for counsel only in first degree murder or "capital cases." G. L. c. 277, §§ 47, 55, and 56. Rule 95 of the Superior Court (1954). *Grady* v. *Treasurer of the County of Worcester, ante* 702. Cf. Criminal Justice Act of 1964, 78 Stat. 552, 18 U. S. C. § 3006A (1964), which provides compensation by the Federal government for attorneys assigned to represent indigents charged with felonies and misdemeanors, other than petty offences, in the Federal courts.

The consolidated brief of the respondents provides sufficient indication that the great weight of authority to date throughout the United States has been that in the absence of a statute providing for compensation an attorney appointed to defend an indigent defendant has no right to compensation from public funds. Annotations, 130 A. L. R. 1439, 144 A. L. R. 847. There have been few exceptions, one being Indiana which bases its right to compensation of counsel in such circumstances on art. 1, § 21, of its Constitution: "No man's particular services shall be demanded, without just compensation." See *Knox County Council* v.

*State,* 217 Ind. 493. Last year, however, in an opinion by Chief Justice Weintraub in *State* v. *Rush,* 46 N. J. 399, the court held that there was inherent power in the judiciary to administer justice, that members of the bar should not "continue to bear alone the constitutional duty of the State to provide counsel for the indigent," and that since counties in New Jersey were charged with the costs of criminal prosecution they should also bear the costs of providing counsel for indigents "without which a prosecution would halt and inevitably fail under *Gideon* v. *Wainwright,* . . . 372 U. S. 335." *State* v. *Rush,* 46 N. J. 399, 414-415.

We need not consider a contention argued by the petitioner that the failure to reimburse him for his services constitutes a deprivation of property interests in derogation of constitutional rights. This argument has been uniformly rejected. See, e.g., *United States* v. *Dillon,* 346 F. 2d 633, cert. den. 382 U. S. 978; *State* v. *Clifton,* 247 La. 495; *Warner* v. *Commonwealth,* 400 S. W. 2d 209 (Ky. 1966), cert. den. *Warner* v. *Kentucky,* 385 U. S. 858. Nor need we discuss the inherent power of this court in dealing with its officers. The answer to the problem raised by the petition is to be found in G. L. c. 213, § 8, which reads, "The courts shall, respectively, receive, examine and allow accounts for services and expenses incident to their sittings in the several counties and order payment thereof out of the respective county treasuries." Other statutes indicate that it has been the legislative intent that the counties of the Commonwealth shall bear the costs of criminal prosecution. See G. L. c. 277, § 69; G. L. c. 280, §§ 4 and 5. It is clear that expenses of such prosecutions are to be county obligations.

We believe that the provisions of G. L. c. 213, § 8, should be extended to cover also the costs of defence counsel. In *Attorney Gen. petitioner,* 104 Mass. 537, at page 542, the court interpreted the predecessor statute of G. L. c. 213, § 8, not to authorize allowances for defendants' counsel. We do not forget what we have said about the holdings in the great majority of other States based on the theory

which we ourselves have expressed, that the bar has a duty to undertake the defence of indigents without compensation and that that obligation accompanies a license to practise at the bar. But times have changed. We do not now deal with a profession where it is commonplace for a lawyer to spend one day at his office and the next in court. Our bar and its practice have become fragmented and the all purpose attorney, the skilled advocate as well as the expert in trusts, corporations and business law, is no longer with us. Literally thousands of our lawyers, sad to relate, never see the inside of a court room at all. Not only has the bar itself been divided into specialties but of the very small percentage of lawyers who can be said to be trial lawyers an even smaller percentage of them has developed skills in the practice of criminal prosecution and defence. It is unjust that this comparative handful of individuals should alone bear the burdens which are rightly those of all of the bar and indeed of the community and the taxpayers. The regrettably small segment of the bar which has engaged in trial work has cheerfully borne the burden of representation of indigents over the years and these lawyers are frequently those who are less able to afford that burden than some of their brothers not in trial practice. This is inequitable.

Nor can we agree that it has been shown that assigned counsel are less qualified than counsel privately retained. In this case the petitioner has had forty years of practice.

The cold facts of the matter are that every index points to increase in criminal activity at the same time that our criminal dockets from which for decades cases have flowed unhampered to trial or disposition are clogged and torpid contrary to all of our tradition. The defence and trial of a criminal case today is a complicated and time-consuming business. If we are to provide proper prosecution we must also provide appropriate defence under the Constitution as it has been interpreted. These considerations impel, it seems to us, a conclusion that when the court assigns counsel for the defence in the cases of needy criminal de-

fendants then counsel should be paid from the county treasury under the statute. It follows that the proceeding against the Commonwealth should be dismissed.

A brief has been filed by the Voluntary Defenders Committee, Inc. raising the issue "whether the Massachusetts Defenders Committee (or a similar defender system) should be the exclusive source of lawyers assigned to defend indigents in non-capital cases." The amicus brief argues that a public defender system is the best method "for assuring a ready supply of attorneys who are competent and experienced in criminal law." The amicus also argues that public defender offices are better able to provide proper investigation and other facilities necessary for the presentation of a competent defence, and that through improvements which have been made in the retaining of defenders it is possible for a defendant to be accorded representation at the earliest possible stage. Conceding the force of this argument we cannot agree that the Massachusetts Defenders Committee is to be the sole source of representation for an indigent criminal defendant.

As a matter of policy the trial court, acting under S. J. C. Rule 3:10 (1967), should ordinarily assign Massachusetts Defenders Committee attorneys to represent indigents accused of noncapital crimes and the power to assign other counsel should be exercised sparingly. Nevertheless, when other counsel are assigned they are to be paid upon the presentation of proper vouchers to a judge for approval. It has not been, nor need it be, the experience of our judicial system that such appointments have been unnecessarily made, and it is suggested that in setting the compensation of assigned counsel the judge approving vouchers for such compensation may consider as fair a rate somewhat below that which should be appropriate were counsel privately employed.

To the extent that *Attorney Gen. petitioner,* 104 Mass. 537, and succeeding cases dealing with this subject vary from what has been said above, we decline to follow them.

In the proceeding against the county of Worcester and its treasurer, a decree is to enter directing payment of $500

to the petitioner from the county treasury. In the proceeding against the Commonwealth, a decree is to enter dismissing the petition.

*So ordered.*