STEVEN COSTARELLI vs. MUNICIPAL COURT OF THE CITY OF BOSTON & another.[1]

Suffolk. January 9, 1975. — February 19, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Constitutional Law,* Trial by jury, Assistance of counsel. *Practice, Criminal,* Assistance of counsel.

A demurrer to a petition asking this court to exercise its powers of general superintendence over inferior courts under G. L. c. 211, § 3, was properly sustained by a single justice of this court where the petitioner, who had been found guilty of a felony in a District Court, had appealed to the Superior Court for a trial de novo,

---

[1] The plaintiff attempts to name an individual judge as a defendant in this case. Since he is questioning the validity of the action of the judge in his official capacity, this proceeding should run against the court on which the judge serves and not against the individual judge.

The other defendant is the Commonwealth of Massachusetts against which no allegations are made other than those describing alleged conduct by the judge in his official capacity.

because the error alleged in the petition was curable through the new trial or other proceedings.   [36-42]

In a petition seeking relief from this court under G. L. c. 211, § 3, the denial of the petitioner's motion to have a specified private attorney of his own choosing appointed to represent him in a criminal case where imprisonment could be imposed and to have the attorney reimbursed at public expense did not infringe the petitioner's right to counsel under the Sixth Amendment to the United States Constitution, where the petitioner had essentially refused the assistance of a public defender and admitted that there were no exceptional circumstances as outlined in S.J.C. Rule 3:10 permitting the appointment of private counsel.   [42]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 25, 1974.

The case was heard by *Braucher,* J., on demurrer.

*Robert W. Hagopian* for the plaintiff.

*Patricia M. Dinneen,* Deputy Assistant Attorney General, for the defendants.

QUIRICO, J.   This case presents two issues for our consideration and decision.   The first is whether a single justice of this court properly sustained the defendants' demurrer to the plaintiff's petition asking this court to invoke and exercise in his behalf the powers given to it by G. L. c. 211, § 3, as amended by St. 1973, c. 1114, § 44, in relation to action allegedly taken by a judge of the Municipal Court of the City of Boston (Municipal Court).   The second is whether the single justice properly denied the plaintiff's motion that Mr. Robert .W. Hagopian be appointed his counsel in this case and that such counsel be paid his reasonable fees, and reimbursed for his expenditures, at public expense.

### A.   SUSTAINING OF DEFENDANTS' DEMURRER.

The pertinent allegations of the plaintiff's petition are the following.   On February 27, 1974, the plaintiff appeared before the judge of the Municipal Court (judge) on a complaint charging him with the crime of using "a motor vehicle without authority knowing that such use is unauthorized."   G. L. c. 90, § 24 (2) (a), as amended

through St. 1973, c. 243. He entered a plea of not guilty, was tried and found guilty. After hearing from a probation officer and from counsel for the plaintiff (the then defendant) the judge announced that he would impose a one-year suspended sentence to a house of correction if the plaintiff would not exercise his right of appeal to the Superior Court for a trial by jury (G. L. c. 278, § 18), or a sentence of one year without suspension if the plaintiff wanted to exercise his right to appeal and to a trial by jury. The plaintiff's counsel objected to the procedure and the judge demanded that the plaintiff take his "pick, one year suspended with no appeal or one year with appeal." The plaintiff stated that he intended to appeal, whereupon the judge imposed a sentence of one year and the plaintiff exercised his right of appeal.

The plaintiff alleges further that the judge's imposition on him of the one-year sentence was a penalty for his exercise of his right of appeal and of trial by jury and that it violated other rights under the Constitutions of the United States and this Commonwealth. He then "prays this court to vacate the judgment of a one year jail sentence and order . . . [the judge] on remand, to expunge the one year jail sentence from the face of the complaint and insert, in lieu, a one year suspended jail sentence . . . [and] to enjoin the respondent judge . . . from imposing in the future any penalties on the right to trial by jury."

The defendants demurred to the petition on the grounds that (1) the plaintiff has a plain and adequate remedy at law, and (2) the plaintiff failed to set forth a cause of action. After hearing, the single justice sustained the demurrer "without leave to amend and without prejudice to the renewal of the petition after completion of the appeal and trial de novo" in the Superior Court on the complaint on which the plaintiff had been convicted in the Municipal Court. There has been no trial de novo on that complaint in the Superior Court to date.

.It is a familiar rule that "[f]or the purpose of obtaining a decision on their demurrer, the defendants admit all of the facts well pleaded in the declaration [bill or petition demurred to] and the necessary inferences from the facts thus admitted." *George* v. *Jordan Marsh Co.* 359 Mass. 244, 246 (1971). The question to be decided by us is whether the facts and necessary inferences thus admitted entitle the plaintiff to maintain his petition as matter of right. We hold that they do not.[2]

In all material procedural aspects, this case is strikingly similar to the case of *Whitmarsh* v. *Commonwealth*, 366 Mass. 212 (1974), decided by this court on September 4, 1974. The similarity is understandable since (1) counsel for the plaintiff in each case is the same, and (2) the ultimate objective of each case is a declaration that the Massachusetts two-tier court system for the trial of misdemeanors and certain felonies violates the plaintiff's claimed right to a trial by jury in the first instance when he is brought to trial on a criminal complaint. In each case the plaintiff pursued the following course. He filed a written motion for a jury trial in the District or Municipal Court and the motion was denied. He was placed on trial before a judge, he offered no evidence in defense, was found guilty and appealed to the Superior Court. He filed a motion in the Superior Court for a dismissal of the complaint because of the alleged violation of his claimed right to a jury trial in the first

---

[2] The plaintiff has not attached to or otherwise incorporated in his petition any part of the record of the proceedings or the events which he alleges transpired at the trial of the complaint against him in the Municipal Court, and the defendants have filed no answer or other pleading placing any part of that record before either the single justice or the full court. In *Enbinder* v. *Commonwealth*, 361 Mass. 871 (1972), we commented on the desirability of having the record of the trial court proceedings before a single justice who is considering a demurrer to a petition for relief under G. L. c. 211, § 3, in order that he may be better informed in deciding whether, in his discretion, he should exercise the extraordinary powers given by the statute.

Costarelli *v.* Municipal Court of the City of Boston.

instance in the lower court. The motion has not been acted on by the Superior Court.

When their respective criminal cases had proceeded to the point described above, Whitmarsh and Costarelli each filed a petition asking that a single justice of this court exercise his extraordinary power under G. L. c. 211, § 3. Whitmarsh in his petition asked that our "two-trial de novo procedure" be declared unconstitutional and that the Commonwealth be enjoined from further prosecuting the complaint pending against him. Costarelli in his petition asks that the judgment of a one-year sentence imposed by the Municipal Court judge be expunged, that a judgment of a suspended sentence of one year be substituted therefor, and that the judge be enjoined "from imposing in the future any penalties on the right to trial by jury."

Although Costarelli thus limited the relief he sought from the single justice, about the same time he filed a request in the Supreme Court of the United States asking it to take jurisdiction and to decide (1) whether he was entitled, under the United States Constitution, to a trial by jury in the first instance without first going through a trial before a judge without jury, and (2) whether the Massachusetts "two-tier trial de novo procedures . . . impose an unconstitutional burden on the right to a speedy trial and violate the double jeopardy provisions of the Fifth Amendment." Further information about this Federal proceeding is given in the margin of this opinion.[3] Although both Whitmarsh and Costarelli claimed

[3] The Federal proceeding is entitled: "No. 73-6739, *Costarelli* v. *Massachusetts.*" It purports to be an appeal under 28 U. S. C. § 1257 (1970), which provides in part: "Final judgments or decrees rendered by the *highest court of a State in which a decision could be had,* may be reviewed by the Supreme Court as follows: . . . (2) By appeal, where is drawn in question the validity of a statute of any state on the ground of its being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of its validity" (emphasis supplied). In his "Jurisdictional Statement"

they were being denied their constitutional right to a speedy trial by jury, each promptly filed a' motion for a continuance when his case was pending in the Superior Court where such a trial was available. Costarelli moved that his case be continued until March 11, 1975, because of the proceedings he had brought in the United States Supreme Court and his motion was allowed.

---

filed in the United States Supreme Court, Costarelli alleges "that the Municipal Court of the City of Boston is a 'highest court' of Massachusetts within the meaning of the words in Sec. 1257. From a conviction in a criminal proceeding in a district court of Massachusetts, there is no *direct appellate* review, but only a trial de novo, or collateral relief, e.g. habeas corpus."

The United States Supreme Court has taken the following action on Costarelli's appeal: On October 21, 1974, it allowed his motion for leave to proceed in forma pauperis and ordered that "further consideration of the question of jurisdiction is postponed to the hearing of the case on the merits," and on December 16, 1974, it allowed his motion for appointment of Mr. Robert W. Hagopian, as his counsel.

For a list of other cases in which the present plaintiff's counsel has attempted to raise the question of the constitutionality of our two-tier trial de novo procedure for the present plaintiff and other persons, see *Whitmarsh* v. *Commonwealth*, 366 Mass. 212, 218, fn. 4 (1974).

While Costarelli does not ask the United States Supreme Court for any relief based on the alleged improper conduct of the judge of the Municipal Court as described in the petition before the single justice of this court, he nevertheless assumes the truth of the allegations in the latter petition, not yet proved, by making the following statement in his brief filed with the United States Supreme Court, a copy of which has been forwarded to us by his counsel: "[I]n the instant case, after finding Steven Costarelli guilty, the trial judge in the Municipal Court announced that he would impose a one year suspended jail sentence if the defendant would forgo his 'right of appeal' for a trial by jury, or otherwise he would impose a one year sentence. When this attorney objected to the choice the trial judge addressed Steven Costarelli: 'Take your pick, one year suspended with no appeal, or one year with appeal.' Steven Costarelli exercised his 'right in accordance with this counsel's strong advice and over his own judgment. The trial judge then imposed the one year sentence.*"

*"Regarding this alleged impropriety, Steven Costarelli has petitioned the Supreme Judicial Court for extraordinary relief, *Costarelli* v. *DeGuglielmo*, No. 034."

On these facts, in all pertinent respects identical to those of the *Whitmarsh* case, *supra,* we hold, as we did in that case, on this issue, that the plaintiff's petition fails to allege facts which entitle him to relief under G. L. c. 211, § 3. We held there, and hold here: that the statutory power of "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided" should be used sparingly, and should rarely be used in a case where some other practical remedy is available; that on requests to review interlocutory rulings in criminal cases we should use this power only in the most exceptional circumstances and only to avoid errors which might be irremediable and possibly not curable even by a new trial since the defendants could not thereafter be placed in statu quo; and that because the plaintiff, for reasons either stated or reasonably inferable,[4] has eschewed other remedies available to him in the courts of

---

[4] Part of the apparent strategy of plaintiff's counsel is to avert trial in the Superior Court, while claiming denial of a speedy trial by jury, lest his client be found not guilty and his various interlocutory attempts at appellate review be questioned as moot. In oral argument before this court he said in effect that he hoped this court would not do anything which might make his appeal to the United States Supreme Court moot. In the *Whitmarsh* case, *supra,* we noted (at 216): "The fact that the plaintiff's constitutional claims could be rendered moot if he were acquitted in the Superior Court would not, in our opinion, prejudice him in such a manner as to warrant the exercise of our 'extraordinary' powers of review under G. L. c. 211, § 3." In *Corcoran* v. *Hedges,* decided by the United States Court of Appeals (1st Cir.) on January 4, 1975 (No. 73-8074), the court, speaking of the present plaintiff's counsel, said: "Present counsel, representing various clients, seems determined to find a way to attack the Massachusetts so-called two-tier system of criminal trials in the federal court without having to do so first in the state court. We decline to speculate on the anticipated advantages, if any, but we repeat that we are totally unsympathetic in the absence of convincing reasons. Absent undue delay the federal courts will not step in where procedures, available in the state court to raise the issues presented, are not pursued. Our ears are particularly closed when a party allegedly desiring speed, seeks it expeditiously in one area and not in another."

this Commonwealth, he is not entitled to the extra-ordinary, yet limited, remedy afforded by G. L. c. 211, § 3. The single justice properly sustained the demurrer to the petition. By this conclusion that the plaintiff has pursued the wrong remedy, we intend no ruling that he would not be entitled to relief upon proof of his allegations in a proper proceeding. We have little doubt that if, in a proper proceeding, the plaintiff sustains his burden of proving the allegations of his petition concerning the manner in which the judge sentenced him, he will obtain appropriate relief therefrom. We hold only that a petition under G. L. c. 211, § 3, is not the proper proceeding therefor in the present status of the criminal proceeding against him.

### B.   DENIAL OF MOTION TO APPOINT MR. HAGOPIAN COUNSEL FOR PLAINTIFF.

The plaintiff's petition to the single justice for relief under G. L. c. 211, § 3, was prepared for him and filed by his present counsel, Mr. Robert W. Hagopian, on March 25, 1974. Five days before the hearing on the defendants' demurrer, Mr. Hagopian signed and filed a motion in the name of the plaintiff alleging that the plaintiff was indigent, that Mr. Hagopian had represented him without compensation since February 27, 1974, in the case in the Municipal Court, that he desired Mr. Hagopian to be his counsel "of his own choosing and does not want to be represented by others," that there were "no exceptional circumstances to establish an exception under this Court's Rule 3:10," and that he asserted a "constitutional right to counsel of his own choosing under the Sixth Amendment pursuant to *NAACP* v. *Button,* 371 U. S. 415 [1963]; *Railroad Trainmen* v. *Virginia Bar,* 377 U. S. 1 [1964]; and *Mineworkers* v. *Illinois Bar Association,* 389 U. S. 217 [1967]." The motion then asks that Mr. Hagopian be appointed counsel for the plaintiff and be paid his disbursements, expenses and reasonable counsel fees.

The single justice heard the motion on May 8, 1974, and denied it on the next day. The plaintiff argues that the denial of the motion infringed on his Sixth Amendment right to counsel, and, either additionally or alternatively, he asks this court to modify its Rule 3:10 to allow the appointment of private counsel for indigent persons. The argument is without merit, and the single justice properly denied the motion.

The pertinent provisions of S.J.C. Rule 3:10, 351 Mass. 791 (1967), as amended, 355 Mass. 803 (1969), are the following: "If a defendant charged with a crime, for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceedings unless he elects to proceed without counsel or is able to obtain counsel. . . . An attorney supplied by the Massachusetts Defenders Committee (G. L. c. 221, § 34D, as amended), or by a voluntary charitable group, corporation, or association, or one serving without charge, shall be appointed under this rule to represent an indigent defendant unless exceptional circumstances, for example a conflict of interest, or the need of counsel speaking a foreign language, justify another appointment."

The plaintiff, allegedly indigent, has not asked the court to appoint counsel from the Massachusetts Defenders Committee to represent him. His motion insists that he has a right to have Mr. Hagopian appointed and that he "does not want to be represented by others." The motion also alleges that there are "no exceptional circumstances to establish an exception under this Court's Rule 3:10." It is undisputed that the plaintiff is entitled to be represented by counsel. It is equally undisputed that under Rule 3:10 the court is required to appoint counsel for him if he is indigent, and that the rule does not authorize or permit the court to appoint private counsel of the plaintiff's choice absent exceptional circumstances which, admittedly, do not exist in this case.

The present case is not the only one in which this same plaintiff and counsel have asserted the constitutional right to have private counsel of the plaintiff's choice appointed for him by the court at public expense notwithstanding the provisions of S.J.C. Rule 3:10. We take notice of the records in case No. 74-168, *Costarelli* v. *Buckley* (Sheriff of Middlesex County), which show that on June 19, 1974, a motion identical to that which we are now considering was heard and denied by a single justice of this court. That too was a case in which the plaintiff contended that this Commonwealth's two-tier system of criminal trials is unconstitutional. Counsel from the Massachusetts Defenders Committee was present at that hearing at the request of the single justice and stated that the committee was able and willing to provide an attorney to represent the plaintiff if he so desired. The plaintiff's counsel, who is his present counsel, declined the court's offer to appoint an attorney from the committee.

The part of the plaintiff's brief in support of his claim of a constitutional right to have private counsel of his choice appointed to represent him at public expense is sprinkled with citations, including the leading case of *Gideon* v. *Wainwright*, 372 U. S. 335 (1963), which deal primarily with the right of a defendant in most criminal cases to be represented by counsel. In this Commonwealth the right of a defendant to counsel did not originate with the *Gideon* case. As early as 1958, this court had adopted S.J.C. Rule 10, 337 Mass. 813 (1958) (now Rule 3:10), providing for assignment of counsel in "noncapital felony" cases, and the rule was amended in 1964 to apply to "a defendant charged with a crime, for which a sentence of imprisonment may be imposed." S.J.C. Rule 3:10, 347 Mass. 809 (1964).

The case of "*NAACP* v. *Button*" and the two labor union cases cited by the plaintiff in his motion and also in his brief, and several additional similar cases, deal with the right of an association or labor union to make

arrangements with lawyers to represent the interests of the association or union members in certain types of litigation. None of the cases cited by the plaintiff in his brief either holds or declares that an indigent defendant in a criminal case has a constitutional right to have private counsel of his own choice assigned to represent him at public expense where a public defender or other comparable public counsel is available to the defendant and there is no special reason or circumstance which disqualifies or otherwise prevents public counsel from handling the case. We are aware of no such case. See Anderson, Wharton's Criminal Law & Procedure, § 2015 (1957 & Supp. 1974); annotation, 36 A. L. R. 3d 1403, 1441-1453 (1971 & Supp. 1974); Tague, An Indigent's Right to the Attorney of his Choice, 27 Stanford L. Rev. 73, 99 (1974). The author of the last cited article, while arguing in favor of the proposition indicated in the article's title, acknowledges, at 99, that "no court has held that the indigent has a constitutional right to choose his attorney." *Abodeely* v. *County of Worcester*, 352 Mass. 719 (1967), does not support the plaintiff's position. We did hold in that case that where the trial judge, in the sound exercise of his discretion, does appoint counsel other than one from the Massachusetts Defenders Committee, such counsel is entitled to compensation at public expense. 352 Mass. at 724. But we also pointed out in the *Abodeely* case that the power to assign other counsel was to be used sparingly, in line with our judicial experience of not making such appointments unnecessarily. *Ibid.*

We note the plaintiff suggests that we consider amending S.J.C. Rule 3:10 in the manner suggested by him "to allow appointment of private counsel in lieu of appointment of the Massachusetts Defenders Committee under certain conditions." The suggestion will receive due consideration.

The orders of the single justice sustaining the defendants' demurrer to the plaintiff's petition and denying the

plaintiff's motion for the appointment of Mr. Hagopian as his counsel are affirmed.

*So ordered.*