COMMONWEALTH *vs.* ROBERT K. SHEERAN.

Suffolk.    February 3, 1975. — April 6, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

Practice, Criminal, Assistance of counsel, Assigned counsel, Disclosure of evidence. *Evidence*, Judicial discretion, Photographs, Of identification, Corroborative evidence, Other offense.

With respect to an indigent defendant convicted of felonies other than murder who was vigorously and adequately represented by a counsel twò years at the bar supplied by the Massachusetts Defenders Committee and appointed without question or inquiry by the court, there was no merit in the defendant's contention that the application of Rule 53 (3) of the Superior Court (1974), and S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), violated his constitutional rights in that counsel assigned by the court in similar felony cases, other than an attorney specified in Rule 53 (3), were subject to the requirement that the court "first satisfy itself that such counsel is fully qualified ... to discharge the responsibility imposed upon him." [84-86]

There was no merit in a contention of a defendant given prison sentences for life on felony charges other than murder that it is unconstitutional to make more stringent requirements in Rule 53 (1) of the Superior Court (1974), as to the qualifications of defense counsel in murder cases than those for counsel in other cases punishable by life imprisonment. [86]

It was within the discretion of the judge in a criminal case to deny the

---

[a] 211 S.E. 2d 118, 120 (1975).

Commonwealth *v.* Sheeran.

defendant's pre-trial motion for the production of all revelant police reports. [86]

At a trial for armed robbery, there was no abuse of discretion in excluding cross-examination of the victim as to social engagements at which others than the defendant might have seen her diamond rings, or in excluding direct examination by the defendant of his mother as to a falling-out between her and the victim before the crimes. [86]

Verification of photographs of the victim of assault and battery taken by her attorney three days after the crime was implicit in his testimony and in the trial judge's ruling admitting the photographs in evidence over the defendant's objection. [87]

At a trial for armed robbery, testimony of the victim's attorney to a statement to him by her on the day after the crime that the defendant was one of the robbers was admissible to corroborate the fact of prior identification by the victim. [87]

At the trial of a defendant convicted of a vicious beating of the victim during armed robbery, evidence that the defendant had previously been found guilty under G. L. c. 266, § 18, of the unrelated felony of breaking and entering, "Execution of Sentence deferred" until a stated date, was properly admitted under c. 233, § 21, solely to impeach the defendant's credibility as a witness, and was not evidence of a crime so similar to the case on trial as to render the trial fundamentally unfair. [87-89]

INDICTMENTS found and returned in the Superior Court on February 4, 1975.

The cases were tried before *Roy, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Rudolph F. Pierce* (*Charlotte Anne Perretta* with him) for the defendant.

*Alice E. Richmond,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.    The defendant was convicted by a jury of assault and battery by means of a dangerous weapon, armed entry into a dwelling house with intent to commit a felony, armed assault with intent to murder, and armed robbery. He was given four concurrent prison sentences, two of them for life, and he appealed under G. L. c. 278, §§ 33A-33G. We granted his application for direct appellate review. His principal contention is that the application of Rule 53 (3) of the Superior Court (1974), and S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), violated his constitutional rights. We reject that contention and his other contentions and affirm the convictions.

There is no dispute that the victim, a woman of thirty-seven, was robbed and severely beaten in her home about 11 A.M. on August 28, 1974. She testified that the crimes were committed by two young men. One she had seen twice before, once at the defendant's home. The other had a stocking over his face, wore sunglasses, and held a gun. She knocked the gun out of his hand, tore the stocking mask off his face, and recognized him as the defendant, whom she knew. The defendant testified that he knew the victim, but denied committing the crimes. He could not recall where he was on August 28, 1974.

1. *Appointment of defense counsel.* In accordance with S.J.C. Rule 3:10, an attorney supplied by the Massachusetts Defenders Committee was appointed to represent the defendant. Rule 53 (3) of the Superior Court[1] requires the court to satisfy itself that appointed counsel is fully qualified, but excludes attorneys supplied by the Massachusetts Defenders Committee and certain others. The defendant asserts that defense counsel was admitted to the bar of the Commonwealth in 1973 and in May, 1975, was appointed without question or inquiry by the court in a case which resulted in sentences to life imprisonment. The result, he argues, was an arbitrary and capricious classification among indigent defendants, to his prejudice.

The record before us does not contain the necessary factual predicate for this argument. There is nothing before us to show what transpired when defense counsel was appointed, what selection procedures were employed by the Massachusetts Defenders Committee, or what supervision or assistance was supplied by the committee. The issue is therefore not properly before us. But the Commonwealth has not controverted the facts asserted by the defendant,

---

[1] "When the court assigns counsel other than an attorney supplied by the Massachusetts Defenders Committee or by a voluntary charitable group, corporation or association or one serving without charge for a defendant charged with a misdemeanor or a felony other than murder, the court shall first satisfy itself that such counsel is fully qualified by training, experience, reputation and character to discharge the responsibility imposed upon him. . . ."

and the issue has been fully argued. Rather than remanding for supplementation of the record, or leaving the matter to be considered on a motion for new trial, therefore, we express our opinion on the issue on the assumption that the facts are as stated by the defendant, in the interest of a final disposition of the cases. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

The defendant does not contend that defense counsel was incompetent so as to deprive him of the effective assistance of counsel under the standard laid down in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). Nor could he on the present record. The transcript discloses that counsel represented his client vigorously and adequately. He conducted extensive cross-examination of prosecution witnesses, made objections, took exceptions, and presented an affirmative defense. The defendant suggests that a different strategy might have been more effective, but the showing seems to us speculative and inconclusive as well as immaterial.

The contention is that defense counsel was inexperienced, and that under Rule 53 (3) the court was not required to satisfy itself that he was "fully qualified by training, experience, reputation and character," as would be required of other counsel. We think the distinction drawn by the rule is a reasonable one, calculated to protect defendants as well as county taxpayers. We have conceded the force of an argument "that a public defender system is the best method 'for assuring a ready supply of attorneys who are competent and experienced in criminal law' " and for providing "proper investigation and other facilities necessary for the presentation of a competent defence . . . ." *Abodeely* v. *County of Worcester,* 352 Mass. 719, 724 (1967). Under our Rule 3:10 a lawyer is to be appointed at county expense only if "exceptional circumstances, for example a conflict of interest, or the need of counsel speaking a foreign language, justify" such an appointment. Lawyers appointed in such "exceptional circumstances" are subject to Rule 53 (3) of the Superior Court. Lawyers supplied by the Massachusetts Defenders Committee are selected by

Commonwealth *v.* Sheeran.

the committee, and it is of course the committee's duty to supply lawyers who are fully qualified.

The defendant also suggests that it is unconstitutional to make more stringent requirements in Rule 53 (1) of the Superior Court for defense counsel in murder cases than those for counsel in other cases punishable by life imprisonment. We think it is sufficient to say that we do not agree. Convictions of murder may rationally be thought to involve obloquy independent of the length of sentence.

2. *Production of police reports.* The defendant claims error in the denial of his pre-trial motion for the production of all relevant police reports. He claims that such reports are "public records" within the meaning of G. L. c. 4, § 7, Twenty-sixth, as amended by St. 1973, c. 1050, § 1. But the remedy for denial of access to public records is a civil action in the nature of mandamus, pursuant to G. L. c. 249, § 5, and Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974). G. L. c. 66, § 10. In the present case the denial of the motion was within the judge's discretion. *Commonwealth* v. *French,* 357 Mass. 356, 399 (1970). *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 699 (1974).

3. *Restrictions on examination.* After the victim had testified that the defendant had seen her diamond rings at his home about four months before the crimes and that she wore the rings all the time, the defendant sought on cross-examination to inquire into social engagements at which others might have seen the rings. The judge said, "No. She says she wore them all the time. Excluded. That's enough."

Later the defendant called his mother as a witness and sought to show that there had been a falling-out between her and the victim some time before the crimes. The judge excluded the evidence as irrelevant. The defendant now contends that the evidence was relevant to show hostility of the victim, but he made no such suggestion when asked by the judge to explain the relevancy of the evidence.

We find no abuse of discretion in the exclusion of either item of evidence. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714-715 (1974), and cases cited.

4. *Photographs of the victim.* Photographs of the victim, showing her injuries, were taken by her attorney three days after the crimes, and were admitted in evidence over the defendant's objection. It is argued that no proper foundation was laid since the attorney was not asked about his knowledge of or experience in photography or whether the photographs accurately represented the victim's injuries. We think verification of the photographs was implicit in the attorney's testimony and that a finding to that effect was implicit in the judge's ruling. *Commonwealth* v. *Eppich,* 342 Mass. 487, 494 (1961). See *Commonwealth* v. *Morgan,* 159 Mass. 375, 378 (1893). As to the further contention that the photographs were cumulative, unnecessary and inflammatory, we find no abuse of discretion. *Commonwealth* v. *Torres,* 367 Mass. 737, 742 (1975).

5. *Pre-trial identification.* The victim testified without objection that on the day after the crimes she told her attorney that the defendant was one of the robbers. Thereafter the attorney was permitted to testify to the same conversation over the defendant's objection. The judge said, "Just the same as an identification by photograph, plus the fact that it's a fresh complaint." We do not pursue the doctrine of fresh complaint, ordinarily applied in cases of rape or other sex crimes. See *Commonwealth* v. *McGrath,* 364 Mass. 243, 247 (1973). The evidence was admissible, not for the truth of the matter asserted, but to corroborate the fact of prior identification by the victim. *Commonwealth* v. *Leaster,* 362 Mass. 407, 412 (1972). See *People* v. *Gould,* 54 Cal. 2d 621, 626-627 (1960). For this purpose it was not hearsay; it was, as the judge said, "Just the same as an identification by photograph."

6. *Prior conviction.* The defendant testified in his own behalf and his credibility was impeached by evidence of a record of conviction of the crime of breaking and entering in the daytime with intent to commit a felony, in violation of G. L. c. 266, § 18. The record shows the following entry on January 10, 1975: "Guilty: Sentence 2 yrs House of Correction. Execution of Sentence deferred until 25 April

1975. To report to Probation Department twice weekly during this period. Curfew Mon-Sun 6 P.M. until 25 April 1975. Restitution $175 payable on or before 25 April 1975. Court Costs $125 payable on or before 25 April 1975." There is also an entry of April 25, 1975: "Default — N.P."

The defendant contends that this was not a record of a final conviction, admissible for impeachment under G. L. c. 233, § 21. He further contends that evidence of such a conviction was evidence of a crime so similar to those being tried as to render the trial fundamentally unfair. We begin by pointing out that the defendant erroneously characterizes his prior conviction as a "misdemeanor" conviction. Although District Courts have jurisdiction under G. L. c. 218, § 26, to try cases under G. L. c. 266, § 18, the latter section provides for imprisonment in the State prison and thus brings the crime within the definition of a felony in G. L. c. 274, § 1. Under G. L. c. 233, § 21, Second, as amended by St. 1950, c. 426, it is clear that a record of conviction of felony may be shown "upon which . . . a sentence was imposed and the execution thereof suspended . . . ." Cf. *Forcier* v. *Hopkins,* 329 Mass. 668, 670-671 (1953); *Commonwealth* v. *Brown,* 2 Mass. App. Ct. 76, 82-83 (1974). We think "deferred" execution of sentence does not differ for this purpose from "suspended" execution. It is conceded that the defendant was represented by counsel at the prior trial and appropriate instructions were given that the record should be considered only to impeach the defendant's credibility and should not be taken as evidence of his guilt.

Thus the case is squarely within G. L. c. 233, § 21. We have recently rejected contentions that impeachment pursuant to that statute violated the constitutional requirement of due process of law. *Commonwealth* v. *Boyd,* 367 Mass. 169, 174 (1975), and cases cited. We point out that breaking and entering under G. L. c. 266, § 18, unlike the crimes now charged, need not involve any violence to the person, and thus bears little resemblance to the vicious beating we are considering. Thus there is less danger of prejudice than in *Commonwealth* v. *DiMarzo,* 364 Mass.

669, 681 (1974) (Hennessey, J., concurring). The prior conviction was for breaking and entering a dwelling house on December 12, 1974, with intent to steal and stealing goods worth $259. Since commission of that crime "significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society, proof thereof may be relevant to suggest his readiness to do so again on the witness stand. A demonstrated determination deliberately to further self-interest at the expense of society or in derogation of the interests of others goes to the heart of honesty and integrity." *People* v. *Sandoval,* 34 N.Y.2d 371, 377 (1974). In short, it is not irrational to infer that a thief may also be a liar. The evidence, we repeat, was used solely to impeach the defendant's credibility as a witness.

7. *Other issues.* The defendant also contends that there was error in the judge's determination that the victim was competent to testify and in the cautionary instructions given when admissible testimony was excluded. Neither point was preserved by an exception, and we do not consider these contentions. The defendant also contends that the errors asserted had a cumulative effect indicating a substantial risk of a miscarriage of justice. Although not required to do so, we have reviewed the entire record, and we conclude that the case was fairly tried.

*Judgments affirmed.*