The defendant, Daniel Scott, was convicted in the Superior Court of larceny over $250, in violation of G. L. c. 266, § 30, after a jury trial and of being a habitual offender, in violation of G. L. c. 279, § 25, after a jury-waived trial. The defendant argues on appeal that the judge erred in allowing the Commonwealth to use his two prior convictions of larceny over $250 for impeachment purposes. Specifically, the defendant argues that his two prior larceny convictions should not have been allowed for impeachment purposes because: (1) the two prior larceny convictions are identical to the charge for which he was being tried; (2) the two prior larceny convictions are not probative of truthfulness, and (3) the judge applied the wrong standard when weighing the probative and prejudicial values of the two prior convictions. We affirm.
Background. Prior to trial, the Commonwealth filed a motion in limine seeking to impeach the defendant using three of his prior convictions,[2] i.e., his attempted firebombing conviction and two larceny over $250 convictions. The judge denied the Commonwealth's request to use the defendant's attempted firebombing conviction, but allowed the Commonwealth's request to use his two larceny convictions. The defendant did not testify at trial.
Discussion. We review a judge's decision allowing evidence of a defendant's prior conviction for impeachment purposes for an abuse of discretion. See Commonwealth v. Maguire, 392 Mass. 466, 470 (1984). "A judge has discretion to exclude evidence of a prior conviction, otherwise admissible to be used for impeachment under G. L. c. 233, § 21, if the danger of unfair prejudice resulting from such evidence outweighs its probative value." Commonwealth v. Crouse, 447 Mass. 558, 565 (2006). In determining whether the prejudicial effect outweighs the probative value, a judge considers the similarity between the offense being tried and the prior conviction. Ibid. A prior conviction that is substantially similar to the offense being tried "may be justified in the absence of other prior convictions with which to impeach a defendant's testimony." Ibid., citing Commonwealth v. Whitman, 416 Mass. 90, 95 (1993).
Here, the judge engaged in the required balancing test and determined that, although the two prior larceny convictions are the "same crime" as the offense being tried and were "fairly recent," the prior larceny convictions involve "dishonesty that does go to [the defendant's] credibility." The judge reasoned that "[t]he case law is clear that there's more thinking involved in making a decision to be dishonest ..., and therefore it's much more relevant to the question of credibility than would be a crime of violence, for instance, or a drug sale, or something like that." We see no abuse of discretion.
The defendant next argues that the prior larceny convictions are not probative of his truthfulness and, therefore, should not have been admitted for impeachment purposes. The Supreme Judicial Court, however, has recognized that theft-related crimes are probative of truthfulness for impeachment purposes. See Commonwealth v. Sheeran, 370 Mass. 82, 89 (1976) ("Since commission of that crime 'significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society, proof thereof may be relevant to suggest his readiness to do so again on the witness stand' "). Furthermore, "[t]hat a prior conviction may not appear probative of a defendant's capacity to tell the truth has little or no bearing on the judge's discretion." Crouse, supra at 565 n.5.
Lastly, the defendant argues that the judge applied the wrong standard when weighing the probative and prejudicial values of the prior larceny convictions. During his ruling, the judge stated that "there's not enough danger of prejudice ... to overcome, to substantially outweigh the probative value of [the] two [prior larceny] convictions." The defendant challenges the judge's use of the word "substantially" in reaching his decision. We see no error. Pursuant to the Massachusetts Guide to Evidence, with certain exceptions, "[a] party may seek to impeach the credibility of a witness by means of the court record of the witness's conviction or a certified copy, ... [without] mak[ing] reference to the sentence that was imposed, Mass. G. Evid. § 609 (2017), provided that the "probative value [of such evidence] is [not] substantially outweighed by a danger of unfair prejudice" (emphasis added). Mass. G. Evid. § 403. The judge appropriately weighed the probative and prejudicial values of the two prior larceny convictions. See Commonwealth v. Crayton, 470 Mass. 228, 249 & n.27 (2014).
Judgment affirmed.

According to the defendant, his prior convictions at the time of trial included: possession of a class B controlled substance, assault and battery by means of a dangerous weapon, knowingly receiving stolen property, possession of burglarious tools, two counts of malicious destruction of property, arson, throwing explosives, malicious destruction of property, breaking and entering in the nighttime with the intent to commit a felony, conspiracy to throw explosives, and two counts of larceny over $250.