NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-792

COMMONWEALTH

vs.

THOMAS ELWELL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of armed robbery. On appeal the defendant challenges the trial judge's denial of his motion to impeach the victim with a prior conviction and the judge's giving of a consciousness of guilt instruction. We affirm.

Background. During the day on October 6, 2018, the victim was walking on Highland Avenue from Salem toward Lynn when he heard someone in a car yelling his name and telling him to "come over." The car, which was also traveling on Highland Avenue, pulled in next to a 7-Eleven convenience store located about one-half mile into Lynn. There were two men in the car. The victim recognized the driver as the defendant from their time in jail together. The victim did not know the passenger.

As the victim walked over to the car, the defendant and the other man jumped out and approached him saying, "You know what's going on. Drop your stuff." The defendant held a knife to the victim and told him to "[h]and over everything" he had. The other man lifted up his shirt, displaying what appeared to be the handle of a gun or a knife. The victim gave the men his cell phone and his backpack, which contained his laptop computer and some clothes. The men then got back in the car and drove away.

About a week later, detectives interviewed the defendant. At first, the defendant denied being in Lynn recently and denied knowing the victim. But when confronted with the victim's version of events, the defendant admitted that he knew "of" the victim because they were in jail together years ago. When a detective then asked "what really happened," the defendant claimed that he and a man named Spades were driving on Highland Avenue into Lynn when Spades said, "We're going to rob somebody." The defendant further claimed that he asked to be let out of the car, but Spades held a knife to him, pulled into the 7-Eleven parking lot, and forced him to participate in the robbery.

Discussion. 1. Motion to impeach. On the first day of testimony, the defendant moved to impeach the victim with his 2014 conviction of larceny from a building, arguing that the

2

prior conviction could be used for impeachment purposes because it bore on "the victim's capacity for honesty." The judge disagreed and denied the motion. Reasoning that the crime of larceny from a building is not one "that correlates to [a witness's] ability to tell the truth," the judge concluded that the probative value of the prior conviction was de minimis, while the risk of unfair prejudice was high.

On appeal the defendant does not appear to challenge the judge's conclusion that larceny from a building is not a crime implicating truthfulness. Instead, quoting Commonwealth v. Smith, 450 Mass. 395, 407 (2008), cert. denied 555 U.S. 893 (2008), he points out (for the first time on appeal) that "convictions relevant to credibility are not limited to crimes involving dishonesty or false statements." For its part the Commonwealth appears to concede that under Commonwealth v. Sheeran, 370 Mass. 82, 89 (1976), and Commonwealth v. Pierce, 66 Mass. App. Ct. 283, 289-290 (2006), theft-related offenses, such as larceny, may implicate truthfulness. Nonetheless, the Commonwealth argues that the judge was still within her discretion to conclude that the risk of unfair prejudice outweighed the probative value of the prior conviction.

Under G. L. c. 233, § 21, "[t]he conviction of a witness of a crime may be shown to affect his credibility," so long as the statutory requirements regarding the degree of the offense, the

3

disposition, and the age of the conviction are met.  See Commonwealth v. Harris, 443 Mass. 714, 720 (2005).  But "[a] judge has discretion to exclude evidence of a prior conviction, otherwise admissible to be used for impeachment under G. L. c. 233, § 21, if the danger of unfair prejudice resulting from such evidence outweighs its probative value."  Commonwealth v. Crouse, 447 Mass. 558, 565 (2006).  Factors relevant to this determination include "whether the prior conviction involves a crime implicating truthfulness."  Commonwealth v. Little, 453 Mass. 766, 773 (2009).[1]

Here, we need not decide whether the judge abused her discretion in excluding the victim's prior conviction because, even assuming there was a preserved error, the defendant has not shown prejudice.  The victim testified that he knew the defendant "[f]rom jail."  The defendant likewise stated in his recorded police interview, which was played for the jury, that he knew the victim because they had been in jail together.[2] Because an ordinary juror would have inferred from this evidence

---

[1] The remaining factors -- "whether the prior conviction is substantially similar to the crime charged" and "whether there were other prior convictions that the Commonwealth could have used to impeach the defendant," Little, 453 Mass. at 773 -- are not relevant where, as here, the witness in question is not the defendant.  There are few appellate cases discussing the issue in this context.

[2] The judge instructed the jury that they could not consider the defendant's prior incarceration as evidence of his bad character or propensity to commit the charged crime.

4

that the victim had been previously convicted of a crime, the defendant suffered no prejudice from the denial of his motion, which, if allowed, would have entitled him only to put in the fact of the prior conviction.  See Commonwealth v. Bly, 444 Mass. 640, 651-652 (2005) (when witness impeached with record of prior conviction, underlying details of conviction and length of sentence must be excluded); Commonwealth v. Kalhauser, 52 Mass. App. Ct. 339, 344 (2001) (party using prior conviction to impeach witness "is limited to establishing the identity of the witness as the person named in the record" and must not mention details of conviction).  In addition, the Commonwealth's case was strong -- the victim had no motive to lie, and the defendant admitted to the police that he was present when the victim was robbed.  For these reasons we can say "with fair assurance" that any error "did not substantially sway[] the verdict." Commonwealth v. Palermo, 482 Mass. 620, 625 (2019), quoting Commonwealth v. DePina, 476 Mass. 614, 624 (2017).

2.  Consciousness of guilt instruction.  "Consciousness of guilt instructions are permissible when there is an 'inference of guilt that may be drawn from evidence of flight, concealment, or similar acts."  Commonwealth v. Stuckich, 450 Mass. 449, 453 (2008), quoting Commonwealth v. Toney, 385 Mass. 575, 584 (1982).  "False statements made to the police are a standard

5

example of admissible evidence on consciousness of guilt." Commonwealth v. Carrion, 407 Mass. 263, 276 (1990).

The defendant argues that there was no evidence in this case that he made false statements to the police. We disagree. During his interview the defendant initially stated that he did not know the victim and had not been in Lynn recently. When pressed, the defendant changed his story, admitting that he knew the victim from jail and was at the scene of the robbery in Lynn. As the jury could infer that the defendant's initial statements were false, the judge did not err in giving a consciousness of guilt instruction. See Commonwealth v. Vick, 454 Mass. 418, 424-426 (2009).

Judgment affirmed.

By the Court (Wolohojian, Neyman & Shin, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: December 20, 2023.

---

[3] The panelists are listed in order of seniority.

6