E. DISMUKES v. BOARD OF SUPERVISORS OF NOXUBEE COUNTY.

ATTORNEY-AT-LAW. *Services under appointment of court in criminal case. Compensation.*

An attorney-at-law is not entitled to charge and recover from a county compensation for services rendered by him therein in defending, under the appointment of the Circuit Court, a person indicted for a capital crime and unable to employ counsel.

APPEAL from the Circuit Court of Noxubee County.

Hon. J. M. ARNOLD, Judge.

E. Dismukes was appointed by the Circuit Court of Noxubee County to defend the accused in two several indictments for murder, they being unable to employ counsel. In compliance with the order of the court, Dismukes represented the defence in the trial of both cases. After the termination of the cases, he made out an account against the county for $400 for his services in those cases, and presented it to the Board of Supervisors. It was disallowed, and he thereupon instituted this action against the board to recover judgment for the amount of his account. The defendant interposed a demurrer, which was sustained by the court, and Dismukes appealed.

*Jarnagin, Bogle & Jarnagin,* for the appellant.

When an attorney of the court is appointed to defend a pauper on an indictment for murder, he is entitled to reasonable compensation for his labor and services rendered, and for the skill and learning devoted by him to the State in aiding in the administration of the laws of the State. *Blythe* v. *The State,* 4 Ind. 525; *Webb* v. *Baird,* 6 Ind. 13; *Buchanan* v. *The State,* 59 Ind. 1–15.

*Foote & Foote,* for the appellee.

The statutes of this State do not authorize the payment of any claim like that of plaintiff's demand; nor does the common law contemplate or authorize the payment of such demands, as the authorities following abundantly show: "Attorneys are not entitled to pay for services when appointed by the court to defend criminals."— *Vise et al.* v. *County of Hamilton,* 19 Ill. 78; *Rowe* v. *Yuba County,* 17 Cal. 6.

CAMPBELL, J., delivered the opinion of the court.

The counsel assigned by the court to a person indicted for a capital crime and unable to employ counsel is not entitled to charge for his services and recover their value from the county. The Board of Supervisors could not lawfully allow such a demand. It is prohibited from appropriating the money that

may come into the treasury of the county to any object not authorized by law, and there is no law authorizing an appropriation to this object.

Judgment affirmed.