236 So.2d 420 (1970)
BOARD OF SUPERVISORS OF GEORGE COUNTY, Mississippi
v.
W.T. BAILEY.
No. 45560.
Supreme Court of Mississippi.
June 8, 1970.
*421 John L. Dale, Lucedale, for appellant.
William T. Bailey, Lucedale, for appellee.
GILLESPIE, Presiding Justice:
W.T. Bailey, an attorney in George County, Mississippi, was appointed by the circuit court of that county to represent two indigents who had been charged in justice of the peace court with the crime of rape which is a capital offense. At the preliminary hearing the prosecuting attorney informed the court that the prosecutrix had admitted that the rape charges were spurious. Thereupon the charges were dismissed and no indictment was returned against the two. It was about the same time that the circuit court also appointed Bailey to represent three persons charged in the same justice of the peace court with the misdemeanor of disturbing the peace. Thereafter the circuit court allowed attorney Bailey fees of $150 in each of the rape cases and $50 in each of the misdemeanor cases; Bailey submitted a statement to the Board of Supervisors of George County seeking payment of $450. Upon an express finding that it was not authorized by law to make such payment, the board of supervisors disallowed the claim. Bailey prosecuted an appeal to the circuit court where the order of the board of supervisors was reversed and payment of the claim was ordered to be made out of county funds. From the final decree of the circuit court, the board of supervisors appealed to this Court.

I.
The issue presented in this case is whether the courts possess the authority to order payment from county funds of counsel fees such as were granted Bailey.
The pertinent statute is Mississippi Code 1942 Annotated, Section 2505 (Supp. 1968), which provides for the appointment of legal counsel for indigents who are charged with capital offenses or non-capital felonies and for the payment to the appointed counsel of certain sums after an indictment. No provision is made either for the payment to an appointed attorney who rendered services when the indigent was not indicted or for the payment to an attorney appointed to defend an indigent charged with a misdemeanor. Therefore, statutory authority for the payment of the fees in the present case does not exist. If, however, the judiciary has such authority then it is inherent or the power flows from the general terms of Mississippi Constitution § 261 (1890), as amended in 1966.
All of the Judges of this Court recognize that appointment of counsel for indigents accused of felonies or serious misdemeanors is required by the decisions of both the United States Supreme Court and this Court, and that on occasion in order to properly prosecute an accused it is necessary that appointment be made before *422 indictment. We are also of the opinion that such attorneys should be paid and that appropriate provisions therefor should be made by the proper branch of the government.
The contention of Bailey is that Mississippi Constitution § 261 (1890) provides that the expense of criminal prosecutions shall be borne by the county where the prosecution is commenced; that under the Sixth Amendment to the Constitution of the United States as construed in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and other recent cases decided by the Supreme Court of the United States and decisions of this Court, the appointment of an attorney for an indigent charged with a felony before indictment is essential to the proper administration of the criminal laws. Bailey adds that the frequency of such appointments renders it necessary that the attorneys receive payment; therefore, according to Bailey's argument, the attorney's fee must be considered to be an integral part of the expenses of prosecution for which Mississippi Constitution § 261 (1890), provides payment by the county.
Prior to the 1890 adoption of the present Mississippi Constitution, this Court decided the case of Dismukes v. Board of Supervisors of Noxubee County, 58 Miss. 612 (1881), wherein the question was whether the county could lawfully pay an attorney's fee to appointed counsel in the absence of statutory authority. The Court said:
The Board of Supervisors could not lawfully allow such a demand. It is prohibited from appropriating the money that may come into the treasury of the county to any object not authorized by law, and there is no law authorizing an appropriation to this object.
Section 261 of the Constitution, as amended, found in the General Provisions, specifies the governmental subdivision that shall bear the expenses of criminal prosecutions; it reads as follows:
The expenses of criminal prosecutions shall be borne by the county in which such prosecution shall be begun; and all fines and forfeitures shall be paid into the treasury of such county. Defendants, in cases of conviction, may be taxed with the costs.
The second clause of the first sentence manifests this purpose by providing that all fines and forfeitures shall be paid into the treasury of the county and thereby providing in part the source of the funds from which such expenses are to come. There is nothing in this section of the Constitution to indicate what shall constitute an expense in criminal prosecutions. This provision is not self-executing. It requires legislative implementation for the determination of what constitutes proper expenses, the amounts thereof or a method of making such determination, and to whom same should be paid.
Mississippi Constitution §§ 1 and 2 (1890) are as follows:
Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Section 2. No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
One of the fundamental constitutional principles is the division of governmental powers. The Mississippi Constitution specifically enjoins each department from exercising the powers vested in either of the others. The authority to empower payment of attorneys who are required by *423 court order to defend indigents charged with felonies and serious misdemeanors is either a legislative matter or a judicial matter; it cannot be both. If the courts possess the power, then the legislature does not; or if the legislature does, the courts do not possess the power. Sections 1 and 2 of our Constitution are clear on this point. The appropriation of public funds is traditionally within the exclusive province of the legislature. While the judiciary possesses the inherent power to appoint counsel to defend indigents, it does not follow that the courts can order the expenditure of public funds to pay their fees.

II.
Assuming, without deciding, that the courts have the legitimate power to order the attorney's fee involved in this case paid from public funds, the question becomes whether it is proper to so do.
A comprehensive study of the problem involved in providing counsel for criminally-charged indigents and its relation to the evolving concepts of constitutional due process is P. Williams, The Criminal Versus Society, 38 Miss.L.J. 254 (1967). It is therein stated that: "It therefore appears that relief in the form of `just compensation' for the time and effort expended by appointed counsel must be sought through legislative rather than judicial channels." 38 Miss.L.J. at 262.
The Mississippi Code provides for payment of fees to appointed counsel for indigents in all cases where counsel is constitutionally required except (a) where counsel is appointed for an indigent charged with a felony before indictment and the charges are dismissed without indictment, and (b) where counsel is assigned to defend one charged with a serious misdemeanor. Miss.Code 1942 Ann. Section 2505 (Supp. 1968). Since there is no indication of a great body of cases involving suits within these two exceptions; the courts and the bar can await legislative action.
This Court is charged with the duty of recommending to the legislature improvements in the administration of justice. Miss.Code 1942 Ann. § 4175.5 (Supp. 1968). In recognizing the problem cited in Professor Williams' article recommendations have been made by this Court to the last several legislatures regarding the enactment of provisions concerning counsel to indigents by the establishment of a public defender system.
The legislature is the appropriate branch of the government to deal with this matter because it can conduct hearings to determine the extent of the need, the amount of funds required, and the numerous related factors involved. While the legislature can view the full spectrum of the problem, the courts, which do not have the means or facilities to adequately study the problem or provide the remedy, can only deal with the problem on a case by case basis.
Sound policy and proper regard for the traditional notion that the matter is a legislative question should cause the courts to refrain from judicially engrafting an amendment to Section 2505.
Reversed and rendered.
INZER, Justice (dissenting):
With due deference to my brethren I am compelled to dissent. It is my opinion that we should hold that the circuit court had the power to require the county to pay the attorney's fees allowed in this case and it properly exercised such power.
Appellant concedes, and it is undoubtedly true, that the circuit court has the inherent power to select and appoint legal counsel for indigent defendants charged with a crime to the end that the business of the court may proceed without embarrassment, hindrance and delay. Appellant also concedes that criminal proceedings will undoubtedly fail unless the indigent defendant is provided with counsel. No one doubts that the providing of an attorney for an *424 indigent defendant has now become an integral and necessary factor in the successful prosecution of criminal cases.
It is my opinion that the expense of providing an attorney for an indigent defendant is and should be just as much a part of the expense of prosecution as any other expense incurred by the court in such matters. There can be no doubt that it is the obligation of the county to pay the necessary expense of criminal prosecution. Section 261, Mississippi Constitution (1890), as amended, specifically requires the county to pay the expenses of criminal prosecutions. Since the providing of an attorney to represent an indigent defendant charged with a crime is a necessary part of the expense of criminal prosecution, it is the obligation of the county to pay such expense. As a matter of public policy the circuit court is vested with inherent power to do any and all things necessary to the end that its processes may be accomplished and that the orderly administration of justice may proceed unfettered and unrestrained. This power includes the power to require the county to pay the necessary expense of accomplishing its purposes, whether there is a statute specifically authorizing such payments or not. If it was otherwise the legislature could, if it desired, make it impossible for the court to carry out its constitutional mandate.
The Supreme Court of Massachusetts had this same question before it in Abodeely v. County of Worcester, 352 Mass. 719, 227 N.E.2d 486 (1967). Massachusetts had no statute specifically authorizing the payment of the attorney fees involved. The court there pointed out that the decisions of the Supreme Court of the United States had greatly expanded the requirements of representation of criminal defendants and after rejecting the argument of petitioner that the failures to reimburse him for his services constituted deprivation of his constitutional rights and finding it unnecessary to discuss the inherent power of the court in dealing with its officers found the answer in its statute. The court said:
The answer to the problem raised by the petition is to be found in G.L.c. 213, § 8, which reads, "The courts shall, respectively, receive, examine and allow accounts for services and expenses incident to their sittings in the several counties and order payment thereof out of the respective county treasuries." Other statutes indicate that it has been the legislative intent that the counties of the Commonwealth shall bear the costs of criminal prosecution. See G.L.c. 277, § 69; G.L.c. 280, §§ 4 and 5. It is clear that expenses of such prosecutions are to be county obligations. (227 N.E.2d at 489).
The court held that its statute should be extended to cover the costs of providing defense counsel. The court then stated:
If we are to provide proper prosecution we must also provide appropriate defence under the Constitution as it has been interpreted. These considerations impel, it seems to us, a conclusion that when the court assigns counsel for the defence in the cases of needy criminal defendants then counsel should be paid from the county treasury under the statute. (227 N.E.2d at 489).
The Supreme Court of New Jersey in State v. Rush, 46 N.J. 399, 217 A.2d 441, 21 A.L.R.3d 804 (1966), also found the answer to this problem in its statute. The statute there required the county to pay the costs of criminal prosecutions and the court held that the county should also bear the cost of providing counsel for indigent defendants because unless counsel was provided a prosecution would halt and inevitably fail.
The case of Dismukes v. Board of Supervisors of Noxubee County, 58 Miss. 612 (1881), cited in the majority opinion is not in any way controlling in this case. There the attorney fee sued for was not fixed and allowed by the court. It was decided before the adoption of the Constitution of 1890 and long before the providing of defense counsel for an indigent *425 defendant became a necessary and integral part of the prosecution of criminal cases.
The controlling question in this case should be whether the providing of counsel for an indigent defendant has become an integral and necessary part of the expense of criminal prosecution. If it is, and no one seriously doubts the fact that it is, the circuit court is empowered by the Constitution to require the county to pay such expense.
I am unable to see any good reason why we should require the circuit court to withhold the exercise of its constitutional power. If the legislature desires to, and in my opinion, it should, relieve the counties of this burden by providing a public defender system or some other method of providing counsel for indigent defendants, it has the authority to do so.
For the reasons stated I would hold that the circuit court had the power to require the county to pay the attorney's fees involved in this case and would affirm its action.
ETHRIDGE, C.J., joins in this dissent.