255 So.2d 318 (1971)
Frank Terry YOUNG
v.
STATE of Mississippi.
No. 46564.
Supreme Court of Mississippi.
December 6, 1971.
*319 Kepper & Kepper, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This case is on appeal from the Circuit Court of Forrest County where the appellant was convicted of armed robbery of the Petal-Harvey Bank, a branch of the Citizens Bank of Hattiesburg, Mississippi.
Shortly before noon on December 3, 1968 two armed men with stockings over their heads entered the bank and held guns on the employees of the bank. One forced the manager to open the grill door to the vault and remove all paper money from the vault, and then forced the manager and two tellers to lie on their face in the vault. The second man, the appellant herein, remained in the front portion of the bank and forced the third teller to give him all the paper money in the tellers' cages. He then forced her to the vault with the others and made her lie down. Before both men left they threatened the employees that they would "blow your brains out" if they moved before the robbers were gone.
Of the four employees in the bank at the time the robbery was committed, only one could identify the appellant. It was her testimony that she recognized his chin because the appellant pulled up the stocking covering his face and revealed his chin. The State offered as a witness appellant's accomplice, James Harold Parker, who testified that the appellant participated in the robbery together with the witness and P.A. Green, who remained outside the bank and drove the car that was used on this occasion.
Appellant assigns as error the failure of the court to sustain his motion for a directed verdict after the State had rested and upon renewal of the motion at the conclusion of the testimony when both the State and defense had rested; that the jury's verdict *320 was contrary to the weight of the evidence; and, that the court erred in overruling the motion of defense counsel made before the commencement of the trial. The motion was in the following language:
Comes now the Defendant, by and through his attorney, and moves the Court to dismiss this cause against him on the grounds that the State of Mississippi by statute only allows one hundred and fifty dollars to prepare for a defense in capital criminal cases, and that this is so absurd that it is tantamount to not having adequate funds, which denies a person due process of law, proper access to the courts, and would show that no attorney could possibly do his best to protect the rights of a defendant on such meager, ridiculous and insufficient funds.
We have carefully examined all the testimony in this record and find no merit in the contention of the appellant that the verdict of the jury was against the overwhelming weight of the evidence or that he was entitled to a directed verdict. The defendant secured five instructions that properly announced the law with reference to the testimony of an accomplice and the jury was told by these instructions that they were to view the testimony of an accomplice with suspicion and distrust; that it should be weighed with care and caution and they were entitled to disbelieve the testimony of the accomplice altogether if they believed it to be untrue.
The third assignment of error raises the question of whether or not the attorney's fee in the amount of $150.00, allowed at the time of the trial of this cause by Mississippi law, was so inadequate that it is tantamount to denying a person due process of law as provided by both the Constitution of the United States and the State of Mississippi.
A proper consideration of this question requires a brief review of the right of courts to appoint counsel for accused persons who are unable to secure their own counsel, the obligation of counsel so appointed, and their right to compensation for services performed pursuant to such appointment.
In Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the United States Supreme Court held, in a capital case where the defendant was unable to employ counsel and was incapable of making his own defense, that it was the duty of the court to assign counsel for him, and stated:
Attorneys are officers of the court, and are bound to render service when required by such appointment. (287 U.S. at 73, 53 S.Ct. at 65, 77 L.Ed. at 172).
In United States v. Dillon, 9 Cir., 346 F.2d 633, certiorari denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966), the court stated:
Appellant's brief contains a very complete and scholarly treatise which in our view establishes an obligation on the part of the legal profession to represent indigents upon court order, without compensation. We include portions of such brief in an appendix to this opinion. As the appendix points out, the obligation of the legal profession to serve indigents on court order is an ancient and established tradition, and that appointed counsel have generally been compensated, if at all, only by statutory fees which would be inadequate under just compensation principles, and which are usually payable only in limited types of cases. Further, as shown in the Appendix, the vast majority of the courts which have passed on the question have denied claims of appointed counsel for nonstatutory just compensation, pointing out that representation of indigents under court order, without, a fee, is a condition under which lawyers are licensed to practice as officers of the court, and that the obligation of the legal profession to serve without compensation has been modified only by statute. An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that *321 one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a "taking of his services." Cf. Kunhardt & Company, Inc. v. United States, 266 U.S. 537, 45 S.Ct. 158, 69 L.Ed. 428 (1925). (346 F.2d at 635).
In the case of Jackson v. State, 413 P.2d 488 (Alaska 1966), the court stated:
[2] The requirement of the attorneys' oath and Canon 4 reflect a tradition deeply rooted in the common law  that an attorney is an officer of the court assisting the court in the administration of justice, and that as such he has an obligation when called upon by the court to render his services for indigents in criminal cases without payment of a fee except as may be provided by statute or rule of court. This principle is so firmly established in the history of the courts and the legal profession that it may be said to be a condition under which lawyers are licensed to practice as officers of the court. (413 P.2d at 490).
The holding of these cases is in line with the general law as stated in 7 C.J.S. Attorney and Client § 54, page 837 (1937), which reads as follows:
Where an indigent or absent person is a party to a suit, the court will ordinarily assign counsel to represent him, and it is the duty of the attorney so assigned to act, and to protect all the rights of the client as fully and to the same extent as if he were employed by the client, generally even without compensation.
We hold, in accordance with the well settled rule set forth by the above authorities, that representation of indigents under a court order, without a fee except as modified by statute, is a condition under which lawyers are licensed to practice in the State of Mississippi as officers of the court. Since the right to practice law is a privilege that is conferred by the State, attorneys can be required to make a reasonable contribution of their time and services as an aid to the effective administration of justice.
In Board of Supervisors of George County v. Bailey, 236 So.2d 420 (Miss. 1970), a case involving a claim by an attorney for services rendered in criminal cases against a board of supervisors, we held that the matter of compensation for an attorney appointed to defend an accused in a criminal case is a legislative matter rather than a judicial matter and in this case we stated:
[3, 4] One of the fundamental constitutional principles is the division of governmental powers. The Mississippi Constitution specifically enjoins each department from exercising the powers vested in either of the others. The authority to empower payment of attorneys who are required by court order to defend indigents charged with felonies and serious misdemeanors is either a legislative matter or a judicial matter; it cannot be both. If the courts possess the power, then the legislature does not; or if the legislature does, the courts do not possess the power. Sections 1 and 2 of our Constitution are clear on this point. The appropriation of public funds is traditionally within the exclusive province of the legislature. While the judiciary possesses the inherent power to appoint counsel to defend indigents, it does not follow that the courts can order the expenditure of public funds to pay their fees.
* * * * * *
The legislature is the appropriate branch of the government to deal with this matter because it can conduct hearings to determine the extent of the need, the amount of funds required, and the numerous related factors involved. While the legislature can view the full spectrum of the problem, the courts, which do not have the means or facilities to adequately *322 study the problem or provide the remedy, can only deal with the problem on a case by case basis.
[5] Sound policy and proper regard for the traditional notion that the matter is a legislative question should cause the courts to refrain from judicially engrafting an amendment to Section 2505. (236 So.2d at 422-423).
In United States v. Dillon, supra, the court stated:
The problem of providing some system of compensation for appointed counsel, in light of the developing law of the right of indigents to counsel, is a matter for legislative and not judicial treatment. This fact has been recognized by the Congress in the enactment of the Criminal Justice Act of 1964, 78 Stat. 552.
The provisions of the Act clearly show that the compensation provided for in said Act is not based upon the principles of just compensation which appear in the Fifth Amendment. (346 F.2d at 636).
While the above cases do not deal precisely with the question raised on this appeal, it naturally follows from the reasoning of these cases, that the appointment of an attorney to defend an accused, even if such appointment is without compensation, does not amount to a denial of the constitutional rights of an accused to have the benefit of counsel.
At the time of appointment of counsel in the instant case the matter of compensation was governed by section 2505 Mississippi Code 1942 Annotated (Supp. 1968) which was amended in 1971 by Chapter 490, Laws, 1971  the amendment clearly showing that the Mississippi Legislature is aware of the problem of meeting the increased burden placed on the bar by recent decisions of the United States Supreme Court which greatly enlarge the rights of indigents to have counsel appointed for them. The legislature has made an effort to strike an appropriate balance between the age-old custom of providing gratuitous service and meeting this increased burden.
We hold that the amount of compensation provided at the time of the appointment of counsel for the appellant was not so low that it was tantamount to denying appellant due process, and reaffirm our previous holding that the matter of compensation of an attorney appointed to represent an indigent defendant is a matter that rests solely with the legislature as a legislative function. The case is affirmed.
Affirmed.
GILLESPIE, C.J., and BRADY, PATTERSON, and SMITH, JJ., concur.