574 So.2d 1338 (1990)
James WILSON, Jr.
v.
STATE of Mississippi.
No. 89-CA-0302.
Supreme Court of Mississippi.
December 27, 1990.
*1339 Barry H. Powell, Thomas Price Alston Jones & Davis, Dennis L. Horn, Horn & Payne, Jackson, Grady F. Tollison, Jr., Oxford, for appellant.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs and Marvin L. White, Jr., Asst. Attys. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
William L. Denton, Jackson, Lewis Burke, Vicksburg, Floyd Abrams, Cahill Gordon & Reindel, Lawrence T. Sorkin, Anthony Paduano, and John Holdridge, Cahill Firm, New York City, Luther T. Munford, Phelps Dunbar Marks Claverie & Sims, Jackson, for amicus curiae.
En Banc.
SULLIVAN, Justice, for the Court:
This appeal is a companion case to Wilson v. State, 574 So.2d 1324 (Miss. 1990), wherein the conviction of James Wilson, Jr., for capital murder and sentence to a mandatory term of life imprisonment were affirmed. During the course of that case, Wilson's attorneys spent totals of 779.2 and 562 hours, respectively, in their representation of Wilson. Their motion for compensation at a rate of $60 per hour was denied because compensation for attorneys who represent indigents is governed by Miss. Code Ann. § 99-15-17 (Supp. 1990), which allows of maximum of $1,000.00 per attorney. Specifically, Section 99-15-17 reads:
The compensation for counsel for indigents appointed as provided in Section 99-15-15, shall be approved and allowed by the appropriate judge and in any one (1) case may not exceed one thousand dollars ($1,000.00) for representation... . Provided, however, in a capital case two (2) attorneys may be appointed, and the compensation may not exceed two thousand dollars ($2,000.00) per case ... In addition, the judge shall allow reimbursement of actual expenses. The attorney or attorneys so appointed shall itemize the time spent in defending said indigents together with an itemized statement of expenses of such defense, and shall present same to the appropriate judge. The fees and expenses as allowed by the appropriate judge shall be paid by the county treasurer out of the general fund of the county in which the prosecution was commenced.
Wilson's attorneys challenge the constitutionality of § 99-15-17. For the reasons stated below, we hold that the statute is not unconstitutional.

I.
The case of Hosford v. State, 525 So.2d 789 (Miss. 1988) provides an important backdrop to this issue. There, we discussed our inherent authority to provide adequate funding for the operation of the court if the Legislature should fail to so provide. In regard to the respective responsibilities of the legislature and the judiciary, we said:
The same Constitutional requirement for our courts to exist obviously carries with it the duty on the part of the Legislative branch to provide sufficient funds and facilities for them to operate independently and effectively. Any holding otherwise would emasculate the constitutional mandate for three separate and co-equal branches of government by reducing courts to supplicants only of the Legislature.
Of course, courts very largely are supplicants of the Legislative branch, with that branch providing the funds and facilities for courts to operate. And, it is not what judges individually or collectively think they should receive which controls, but what the Legislature in its wisdom decides. This discretionary authority of the Legislature is wide indeed, but it does not cover quite all the spectrum. If it fails to fulfill a constitutional obligation to enable the judicial branch to operate independently and effectively, then it has violated its Constitutional mandate, and the judicial branch has the *1340 authority as well as the duty to see that courts do not atrophy... .

No court should ever usurp the authority of the Legislature to furnish what funds and facilities it deems proper except in cases of absolute necessity. On the other hand, if the Legislative branch fails in its constitutional mandate to furnish the absolute essentials required for the operation of an independent and effective court, then no court affected thereby should fail to act. It is the absolute duty of a court in such latter circumstances to act, and act promptly. (Emphasis added).
Hosford, 525 So.2d at 797-798.
While we do have the authority to override the Legislature in cases of absolute necessity, we have previously held that the issue of compensation for an attorney appointed to defend an accused in a criminal case is a legislative matter rather than a judicial matter. In Young v. State, 255 So.2d 318 (Miss. 1971), we upheld the constitutionality of the fee of $150.00 allowed by Mississippi law for representation of an indigent. In doing so, we quoted from another case, Board of Supervisors of George County v. Bailey, 236 So.2d 420 (Miss. 1970), in which we first said that the question of compensation is a legislative matter as opposed to a judicial matter.
Although we recognized our inherent authority to provide counsel for indigents, we refused to interfere with the Legislature's right to expend public funds. The Legislature is better equipped to handle this matter because
it can conduct hearings to determine the extent of the need, the amount of funds required, and the numerous related factors involved. While the legislature can view the full spectrum of the problem, the courts, which do not have the means or facilities to adequately study the problem or provide the remedy, can only deal with the problem on a case by case basis.
Bailey, 236 So.2d at 423.

II.
Section 99-15-17, as applied, has been attacked by Wilson's attorneys on several constitutional grounds. First, it is alleged that the statute amounts to an unconstitutional taking of an attorney's property in violation of Section 17 of the Mississippi Constitution. Secondly, the maximum fee allegedly deprives indigent defendants of the effective assistance of counsel violating Section 26 of the Mississippi Constitution. Finally, the appellant contends that the limitation is a violation of the Equal Protection Clause.
When a statute can be interpreted either as constitutional or unconstitutional, we have long held that we will adopt the constitutional construction. See Burrell v. Mississippi State Tax Commission, 536 So.2d 848, 858 (Miss. 1988); Estate of Smiley, 530 So.2d 18, 22 (Miss. 1988); and Craig v. Mills, 203 Miss. 692, 705-06, 33 So.2d 801, 804 (1948). If possible, we will construe it so as "to enable it to withstand the constitutional attack and to carry out the purpose embedded in the [statute]." Estate of Smiley, 530 So.2d at 22 [quoting Frazier v. State by and through Pittman, 504 So.2d 675, 708 (Miss. 1987)].
Although § 99-15-17 limits the compensation which an attorney may receive for the representation of an indigent, it also allows for "reimbursement of actual expenses." Following our rule of statutory construction, we are able to save this statute from unconstitutionality by interpreting this language to include reimbursement for all actual costs to the lawyer for the purpose of keeping his or her door open to handle this case, i.e., the lawyer will receive a pro rata share of actual overhead. The appellant urges us to adopt a figure of $34.86 per hour for overhead. This figure is derived from a survey conducted by the Mississippi State Bar in 1988. See, 35 Mississippi Lawyer, No. 5, at 45 (March-April 1989). However, we choose rather to adopt a $25.00 per hour figure which is also based on the survey. For ease of administration and to avoid a lot of satellite litigation, we create a rebuttable presumption that a court appointed attorney's actual overhead within the statute is $25.00 per hour. However, the trial court is bound *1341 by this only in the absence of actual proof to the contrary  proof offered by the lawyer that it is more or by the State that it is less.
The statute thus avoids unconstitutionality on all grounds. This construction of the statute assures that the attorney will not actually lose money and thus prevents a taking of property within the meaning of Section 17 of the Mississippi Constitution. The argument concerning the ineffective assistance of counsel is a matter that is better decided on a case by case basis. As one court has held, "those rare cases where counsel has been ineffective may be handled and determined individually by the appellate courts" and just because the limitation could have such a result is no reason to declare it unconstitutional. State ex rel. Stephan v. Smith, 747 P.2d 816, 831 (Kan. 1987).
The equal protection argument is also unpersuasive. As noted in Young v. State, 255 So.2d 318 (Miss. 1971), attorneys are officers of the court and as such "can be required to make a reasonable contribution of their time and services as an aid to the effective administration of justice." Young at 321. This applies equally to all attorneys. Since attorneys are required to provide this service by virtue of the license conferred upon them to practice law in the State of Mississippi, the $1000.00 given to an attorney for representation of an indigent is an "honorarium" or pure profit.
Our construction of § 99-15-17 will allow an attorney to receive $1,000.00 in profit plus his or her actual expenses. A rebuttable presumption arises that the actual cost contemplated by the statute is the average of $25.00 per hour. This $25.00 per hour figure may be subject to change when the survey conducted by the Bar is up-dated. Nothing in this opinion is meant to interfere with the right of the Legislature to order the expenditure of public funds but in the light of this opinion, the Legislature may wish to reconsider the funding of attorney representation of indigents. In fact, we would encourage the Legislature to review the system and provide funds for the representation of indigent defendants in capital cases from State funds rather than county funds. Since the State funds the prosecution in these cases, why not the defense?
We reemphasize the point that the trial court is bound by the $25.00 per hour figure only when proof to the contrary is not forthcoming. The hours submitted by an attorney are subject to scrutiny under a reasonable and necessary standard. Specific expenses must be approved by the court before the attorney incurs the expenses. Court approved expenses include such items as the cost of an investigator, the cost of an expert witness, and a trip to interview witnesses. This list is not intended to be all-inclusive.

III.
As stated above, § 99-15-17 is constitutional in the light of our interpretation of its provisions. We would hope that allowing for the recovery of actual expenses, as the Legislature has done, would encourage better participation by members of the Mississippi State Bar in our system of providing attorney representation to indigent defendants. We would also encourage the Legislature to examine the system and take such measures as it deems fit to improve the system. We remand this case to the lower court to redetermine the compensation to be given to Wilson's attorneys based on this decision.
REVERSED AND REMANDED FOR A HEARING ON THE APPROPRIATE AMOUNT OF EXPENSES.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN and BLASS, JJ., concur.
ROBERTSON, J., concurs by separate written opinion.
ANDERSON, J., not participating.
ROBERTSON, Justice, concurring:
Our statutory cap on fees and expenses for court appointed counsel has been on the books for years, and I think it apparent to all who will see that the statute is unconstitutional *1342 and unenforceable as applied. I say this in the sense that, not only in capital cases, the statute in a major way inhibits the state's discharge of its Gideon[1] based duty to provide each criminally accused effective assistance of counsel. I have no doubt of our authority and responsibility under the principles articulated in Hosford v. State, 525 So.2d 789 (Miss. 1988), to strike the statute and order reasonable compensation for court appointed counsel. If an adequate courthouse is essential to the administration of justice, so are competent counsel. I concur in the rationale articulated by Justice Anderson in his separate opinion filed in Pruett v. State, 80-CA-814, insofar as it follows Hosford.
The Takings argument seems more problematical. For one thing, it is at odds with the dominant theme of federal takings jurisprudence. Lawyers like others must endure the petty larceny of the police power. Federal law suggests to my mind that there is no taking unless the lawyer is effectively put out of business, see First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), although concede the phrase "or damaged" in this state's Takings Clause makes the point more viable. I am also dubious of the Equal Protection argument.
If I appreciate correctly the practical effect of the majority's reading of the statutory phrase "actual expenses", it will effectively empower our circuit courts to order the public treasurer to deliver to court appointed counsel a sum somewhat in excess of $25.00 per hour. Whether this delivery be called a payment or a reimbursement is a matter of semantics without economic or constitutional significance. The majority effectively skins the cat, and, although I would prefer Justice Anderson's Hosford based approach, I concur in the majority's holding and rationale.
NOTES
[1] See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1903); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).