583 So.2d 1283 (1991)
Bart H. MEASE
v.
STATE of Mississippi.
No. 90-CA-0782.
Supreme Court of Mississippi.
July 24, 1991.
David G. Hill, Maurie L. White, Oxford, for appellant.
Mike C. Moore, Atty. Gen., Charlene R. Pierce, Sp. Ass't Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Marshall Helgrin Mease (Bart H. Mease) was indicted on May 12, 1986, for the capital murder of Sheriff Osborne Bell, Marshall County, Mississippi. Mease, being indigent, was appointed an attorney to conduct his defense. On April 20, 1989, Mease filed a motion with the Marshall County Circuit Court for attorney's fees in excess of the statutory limit prescribed by Mississippi Code Annotated Section 99-15-17 (Supp. 1990), which motion was denied on November 2, 1989. Mease has appealed to this Court and raises substantially the issues that were presented to, and decided by, this Court in Wilson v. State, 574 So.2d 1338 (Miss. 1990) and in Pruett v. State, 574 So.2d 1342 (Miss. 1990).
A brief statement of facts follow.

I.
Venue of this case was transferred to Winston County upon motion. In April of 1987, Mease was convicted of capital murder and sentenced to death. Thereafter, Mease appealed the judgment and sentence *1284 to this Court which, on February 1, 1989, vacated Mease's conviction and remanded the cause to the Marshall County Circuit Court for a new trial. See Mease v. State, 539 So.2d 1324 (Miss. 1989). Mease was retried for the capital murder of Sheriff Bell and ultimately was sentenced to life imprisonment.
Mease's counsel made an initial motion for attorney's fees in excess of the statutory maximum at the conclusion of Mease's first trial. Upon appeal to this Court, Mease included as an issue the attorney's fees question. This Court, while vacating Mease's conviction and ordering a new trial, did not address the compensation issue. See Mease, supra. Mease again moved for attorney's fees in excess of the statutory maximum prior to his second trial which motion was renewed at the conclusion of the second trial.
Mease's motion was heard before the Marshall County Circuit Court on October 16, 1989. That Court overruled Mease's motion and held that it did not have the authority to award attorney fees in excess of the amounts provided by § 99-15-17. The Marshall County Circuit Court, while denying Mease's motion for attorney's fees in excess of the statutory maximum, found that Mease's attorney and his salaried associate attorneys expended: eight hundred and fifty (850) hours of time in representing Mease in his first trial; one hundred and twenty five (125) hours of time representing Mease on appeal to this Court; nine hundred seventy three and seventy seven tenths (973.77) hours in representing Mease in his second and final trial; and that the aforementioned expenditure of time was reasonable, and obvious from the record, based on the quality and extent of defense counsel's efforts on Mease's behalf.

II.
In Wilson and Pruett, supra, this Court held that § 99-15-17, was not unconstitutional. The case at bar is controlled by Wilson and Pruett and judgment of the lower court is reversed and the case remanded for a hearing on the appropriate amount of expenses in both trials, consistent with those opinions.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
PRATHER, J., specially concurring joined by HAWKINS and DAN M. LEE, P.JJ., and PITTMAN, BANKS and McRAE, JJ.
PRATHER, Justice, specially concurring:
I concur in the remand of the motion to the trial court for allowance of the statutory fee and actual expenses of the attorney. I write separately to re-emphasize that Wilson v. State, 574 So.2d 1338 (Miss. 1990) and Pruett v. State, 574 So.2d 1342 (Miss. 1990) contemplated that an adversary hearing would be held by the circuit judge for the determination of those expenses. The Wilson opinion states:
However, the trial court is bound by this [submission of the attorneys actual expenses] only in the absence of actual proof to the contrary  proof offered by the lawyer that it is more or by the State that it is less.

Wilson, at 1340, 1341.
.....
We emphasize the point that the trial court is bound by the $25.00 per hour figure only when proof to the contrary is not forthcoming... .

Wilson, at 1341.
Clearly these statements dictate that an adversary hearing between the attorney and the State would be afforded to determine the "reasonableness" and "necessity" of the claim, both as to work performed and hours spent. A hearing presupposes that notice of the hearing and an opportunity to be present and to challenge the amount requested would be available to the State. The opinion contemplated that the State would require proof of the attorney as to his actual expenses and not "rubber stamp" a requested sum.
The question is what office of state government is charged with the responsibility *1285 of questioning the attorney's claim. Miss. Code Ann. § 25-31-11 (Supp. 1990) places the duty of representing the State in "all criminal prosecutions and all civil cases in which the state or any county within his [her] district may be interested ..." in the District Attorney. Without a doubt the Office of District Attorney is in the best position to know how much time was involved in a case and is logically in the best position to represent the State's interest. The Office of District Attorney is often overworked with criminal prosecutions. It might, however, be appropriate that the office charged with payment of the county claims be noticed,[1] and present at such hearings, although the statute permitting payment of the attorney's actual expenses, Miss. Code Ann. § 99-15-17, does not require notice to anyone representing the State. The Board of Supervisors (the Board) pays claims made against counties and is knowledgeable about the county's resources, as well as about such matters as usual and customary business expenses.[2]
A court order directing the Board of Supervisors to pay an attorney for a fee and his expenses is a claim against the county. Procedurally, a court order directing the Board to pay a claim is the same as any other claim on the County Claims Docket, Miss. Code Ann. § 19-13-29 (Supp. 1990), except that the Board is not given any opportunity to challenge the "reasonableness or necessity" of the request before entry of the order. The Board does have this option with claims, other than court orders, to disallow and reject a claim, and the claimant has the right to appeal to the Circuit Court for review. Miss. Code Ann. § 19-13-31 (Supp. 1990). There is no statutory procedure for a Board, as payor of the county's claims, to appeal the reasonableness and necessity of the court order once it is entered; the statute only permits a claimant the right to appeal. Even though the Board would have no discretion to refuse a court order for attorney's fees, it would be prudent to have the Board of Supervisors, as the payor of claims against the county, receive notice from the Circuit Court before this type of hearing is held and have the option of allowing their attorney participate in the hearing, if they so elect. The Board may also present relevant testimony as to contractual arrangements of the Board with lawyers who are appointed as public defenders in lieu of repayment for actual expenses. See Miss. Code Ann. § 25-32-1 et seq. (Supp. 1990).
The Wilson opinion states that the attorney is subject to scrutiny for the reimbursed expenses sought under a "reasonable and necessary" standard, but the opinion also recognizes that attorneys, as court officers, can be required "to make a contribution of their time and services as an aid to the effective administration of justice."
In sum, it is my opinion that the Circuit Court should require notice not only to the prosecutors, but also to the Board of Supervisors, and should afford the Board an opportunity to participate in an attorney's expense allowance hearing, at their option. Perhaps this procedure would not be necessary in all indigent criminal cases, but only in capital murder prosecutions where the attorney's expenses are of considerable amounts. The trial judge can then conduct a meaningful evaluation of the proof offered in balance with the attorney's rights and the State's interest.
As in Wilson, I suggest that the Legislature address the problem of indigent representation on a statewide basis, rather than thrust the burden on financially-strapped counties.
HAWKINS and DAN M. LEE, P.JJ., and PITTMAN, BANKS and McRAE, JJ., join this opinion.
NOTES
[1] This procedure has been instituted in the Hinds County Circuit Court at the request of the Board of Supervisors. The County is represented by its own attorney.
[2] The statutory procedure of presentment, filing, and docketing of claims on the claims docket is procedurally in place. Miss. Code Ann. § 19-13-27 (Supp. 1990). The Board has to "allow" a claim, other than a court order, before payment.