# IN THE COURT OF APPEALS 3/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00346 COA

FREDRICK LANDRUM

APPELLANT

 v.

 STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS GORDON

COURT FROM WHICH APPEALED: CIRCUIT COURT OF NESHOBA COUNTY

ATTORNEY FOR APPELLANT:

J. MAX KILPATRICK

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT STUART

DISTRICT ATTORNEY: J. KENNEDY TURNER

NATURE OF THE CASE: CRIMINAL - AGGRAVATED ASSAULT ON A POLICE OFFICER

TRIAL COURT DISPOSITION: CONVICTION - SENTENCE TO TWENTY-THREE (23) YEARS IN THE CUSTODY OF THE MDOC

BEFORE BRIDGES, C.J., DIAZ, AND KING, JJ.

BRIDGES, C.J., FOR THE COURT:

On March 14, 1994, Fredrick Landrum was convicted in the Neshoba County Circuit Court of aggravated assault on Tommy Thornton, an officer with the City of Philadelphia, Mississippi Police Department. Landrum appeals to this Court arguing that the trial court erred in overruling his *Batson* challenges to the State's preemptory strikes, and that the trial court erred in overruling his motion for continuance in order to locate a witness. Landrum's appointed counsel adds to this appeal his dispute over his compensation for defending Landrum. We affirm.

## FACTS

On the night of September 3, 1993, Officer Tommy Thornton of the City of Philadelphia Police Department responded to a report of shots being fired near the "Hill" in Philadelphia, Mississippi. Upon arriving at the scene, Thornton noticed that shots were being fired from a Chevrolet Impala. The Impala proceeded directly at Thornton, only to turn away at the last moment. Thornton pursued the vehicle and observed, via use of his spotlight, numerous black males in the car. One of the black males was in the back seat holding a rifle.

The Impala came to a stop on a dead end street, and all the occupants exited the vehicle and fled into the woods. Thornton would later testify that Landrum, the male in the back seat with the rifle, got out of the car, squatted on the ground, and fired numerous shots at him before disappearing into the woods. Landrum was arrested during the afternoon of the next day and was later convicted of an aggravated assault on Thornton. It is from this conviction that he appeals.

## ARGUMENT AND DISCUSSION OF LAW

### I. WHETHER THE TRIAL JUDGE ERRED IN OVERRULING LANDRUM'S BATSON CHALLENGES AND WHETHER THE JUDGE'S RULING ON THE CHALLENGES WAS TIMELY.

Landrum argues that the State's preemptory strikes violate the rules set forth in. *Batson v. Kentucky*, 476 U.S. 79, (1986). Landrum's argument essentially challenges the State's "race-neutral" reasons for preemptorily striking black jurors Nichols, Peebles, and Boler. Landrum further challenges the trial judge's ruling on the *Batson* objections after the entire jury panel had been chosen. It should be noted at the outset that the Supreme Court of the United States has recently said the following about the *Batson* analysis:

> Under our Batson jurisprudence, once the opponent of a preemptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. *The second step of this process does not demand an explanation that is persuasive, or even plausible*. At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation.

> Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral. (emphasis added)(citations omitted)

*Purkett v. Elem.*, 115 S.Ct. 1769, 1770-1771 (1995). Accordingly, this Court gives great deference to the trial court's findings regarding the State's race-neutral reasons, and we will reverse only if the court has exceeded its authority. *Porter v. State*, 616 So. 2d 899, 906-907 (Miss. 1993). We are also bound by the precedent set by the Mississippi Supreme Court when it decided that:

> We today follow the lead of other courts who have considered this issue and hold that a trial judge's factual findings relative to a prosecutor's use of preemptory challenges on minority persons are to be accorded great deference and will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. This perspective is wholly consistent with our unflagging support of the trial court as the proper forum for resolution of factual controversies.

*Lockett v. State*, 517 So. 2d 1346, 1350 (Miss. 1987).

Juror Nichols was excused by the State because she testified that she knew several of the Landrum's witnesses. Juror Peebles was also excused as being either friends with or a former classmate of several of Landrum's witnesses. Juror Boler was excused for knowing Landrum's witnesses and possibly being a shoplifter. Each of the reasons given for striking each above juror was clearly not related to their race. Judged in view of the above enunciated standard, the trial judge was justified in allowing the strikes.

Finally, we find no error in the trial judge's waiting until the entire jury had been picked to rule on the *Batson* challenges in light of the fact that Landrum did not object to this procedure until his appeal. There must be a contemporaneous objection in order to preserve an error for review. *Cotton v. State*, 675 So. 2d 308, 314 (Miss. 1996). Accordingly, we find no merit in Landrum's first issue.

## II. WHETHER THE TRIAL COURT ERRED IN OVERRULING LANDRUM'S MOTION FOR CONTINUANCE.

Landrum argues that the trial court erred in overruling his motion for continuance in March of 1994. This case had been originally set for trial on November 3, 1993. Because Landrum had not found and/or subpoenaed many of his witnesses, a continuance was granted, and the trial was set for March 10, 1994. Among these hard to find witnesses was Melvin Montgomery, an alibi witness for Landrum. Over the next four months, numerous attempts were made to track down Melvin and subpoena him. All were unsuccessful, sometimes missing his presence at a location by mere moments.

After the March 10th trial date was reset for March 11, 1994, the attorney for Landrum again sought valiantly to find Melvin and have him served. The police were again unable to serve Melvin. On Friday, March 11, 1994, the trial judge, feeling less than assured that Melvin would ever be subpoenaed, overruled Landrum's request for another continuance. The trial judge did, however, allow that if Melvin was found at any time during the trial, he would reconsider his denial of the motion.

The standard for this Court's review of denials of motions for continuance is clearly set out in the

statute authorizing such continuances, Miss. Code Ann. § 99-15-29 (1972). The pertinent wording of the statute allows that a court "may grant or deny a continuance, in its discretion . . . ," and further that "[a] denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom." *Id.* We find that the trial judge was abundantly patient and fair in continuing the case for four months and allowing that if Melvin was produced during the trial, that he would revisit the motion for continuance. This Court further finds that no injustice resulted from the judge's decision. Accordingly, we find no merit in Landrum's second issue.

> III. WHETHER THE TRIAL COURT ERRED IN OVERRULING APPOINTED COUNSEL'S MOTION FOR ATTORNEY'S FEES, OVERHEAD, AND ACTUAL EXPENSES IN THE AMOUNT OF $3,331.43.

The third issue in Landrum's brief actually has nothing to do with Landrum's trial or conviction. It is for this reason that we are of the opinion that it is not properly before this Court. Counsel argues that he was not awarded a proper fee for defending Landrum. This Court does not necessarily disagree with counsel's contention. We are of the opinion, however, that this issue has been improperly included with Landrum's arguments for the overturn of his conviction. Counsel's argument for fees is personal in nature and, accordingly, should be presented on appeal as such.

The case of *Wilson v. State* deals with the issue of inadequate attorney's fees. *Wilson v. State*, 574 So. 2d 1338, 1339 (Miss. 1990). It was properly presented by counsel on appeal as a companion case to the defendant's appeal of his conviction. Furthermore, counsel's appeal challenged the constitutionality of the statue providing for fees for appointed counsel. *Id.* In the case *sub judice,* counsel's argument does not challenge the statute's constitutionality. Another case properly appealed to the supreme court alleged that the inadequacy of the fees awarded to appointed counsel amounted to a denial of due process. *Young v. State*, 255 So. 2d 318, 320 (Miss. 1971). In the case *sub judice*, counsel has not tied the inadequacy of his fees to a denial of his client's right to due process. Accordingly, finding this issue not to be properly before this Court, we shall not discuss its merits.

**THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE TO TWENTY-THREE (23) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NESHOBA COUNTY.**

**McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**